## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| **Plaintiff,** | |
| **v.** | **CRIMINAL NO.** 12-693 (FAB) |
| JOSE MIGUEL GUZMAN-DE LOS SANTOS, *et al.,* | |
| **Defendants.** | |

### MEMORANDUM AND ORDER

BESOSA, District Judge.

Before the Court is the United States of America's ("United States" or "the government") motion to quash two subpoenas served on two federal law enforcement agents. (Docket No. 179.) For the reasons discussed below, the Court **DENIES** the government's motion to quash defendant's subpoena on Agent Eduardo Fonseca-Colon and **GRANTS** the government's motion to quash subpoena on Agent Jose E. Lebron-Aponte.

### DISCUSSION

### I.    Procedural Background

On May 8, 2013, the United States filed a motion to quash co-defendant Jose M. Guzman-de los Santos' subpoenas addressed to Agent Jose E. Lebron-Aponte ("Agent Lebron"), United States Immigration and Customs Enforcement, and to Agent Eduardo Fonseca-Colon ("Agent Fonseca"), United States Customs and Border

Protection.  (Docket No. 179.)  On May 9, 2013, defendant filed a response and a supplemental motion in opposition to the government's motion to quash.  (Docket Nos. 183-84.)  On May 10, 2013, the government filed a reply to defendant's response. (Docket No. 189.)   On that same date, the defendant filed a surreply.  (Docket No. 190.)

## II.  The Nixon Standard

A party requesting a subpoena must show "(1) relevancy; (2) admissibility; [and] (3) specificity" of the subpoenaed materials.  United States v. Nixon, 418 U.S. 683, 699-700 (1974). There must be a "sufficient likelihood" that the subpoenaed evidence is "relevant to the offenses charged in the indictment." Id.  Also, there must be a "sufficient preliminary showing" that the subpoenaed material "contains evidence admissible with respect to the offenses charged in the indictment."  Id. at 701.  In addition, a subpoena request may not be so unreasonable or oppressive for a producing party as to constitute "merely a fishing expedition to see what may turn up."  Bowman Dairy Co. v. United States, 341 U.S. 214, 221 (1951).

## III. The Government's Arguments

In its motion to quash (Docket No. 179), the government argues that the defendant's subpoena failed to meet the specificity requirements of United States ex. Rel. Touhy v. Ragen, 340 U.S. 462 (1951).  See also 28 C.F.R. § 16.21 et seq.  After the defendant

filed more detailed descriptions about the substance of the proposed testimony, (see Docket Nos. 184 & 184-1), the government concedes that the descriptions comply with Touhy with respect to both subpoenas. (Docket No. 189 at p. 2.) Therefore, the government does not object to the subpoena on Agent Fonseca "to the extent the testimony of Agent Fonseca is limited to the subject matter set forth in [defendant]'s description." Id. Therefore, the government's motion to quash defendant's subpoena on Agent Fonseca is **DENIED** without government opposition.

The government moves to quash the subpoena with respect to Agent Lebron, however, on the basis that the subpoena seeks "plainly inadmissible evidence" pursuant to United States v. Nixon. Id. The government makes two arguments[1] in this regard: (1) defendant seeks testimony and evidence from Agent Lebron that is inadmissible hearsay; and (2) defendant's subpoena seeks to call Agent Lebron for the sole purpose of impeaching him but his testimony is not admissible in defendant's case-in-chief. (Docket No. 189 at p. 4.) The Court agrees with the government and addresses each argument in turn.

---

[1] The United States also argues that while it is providing the notes taken by Agent Lebron to defendant "out of an abundance of caution," the notes do not qualify as Brady material. This argument is unrelated, however, to whether or not the subpoena served on Agent Lebron should be quashed. Therefore, the Court declines to address this argument in this Memorandum and Order.

In his supplemental response and an attached exhibit, defendant states that the substance of Agent Lebron's testimony will consist of the following:

> **ICE Special Agent Jose E. Lebron-Aponte** [. . . .] was one of the individuals who allegedly took a confession from the co-defendant Guzman-De los Santos involving two (2) different interviews, but his written notes reflected only one (1) interview and it does not say that the defendant participated in the load of narcotics found in the early morning hours of September 17, 2012.

First, the United States argues that any testimony elicited from Agent Lebron during defendant's case-in-chief about defendant's confession is inadmissible hearsay. (Docket No. 189 at p. 3.) Defendant utterly fails to respond to these arguments by the government, (see Docket No. 190-1 at p. 3), and the Court agrees with the United States. Therefore, the defendant waives these arguments. United States v. Zannino, 895 F.2d 1, 17 (1st Cir. 1990) (". . . issues adverted to in a perfunctory manner, unaccompanied by some effort at developed argumentation, are deemed waived.") A party may not merely "mention a possible argument in the most skeletal way, leaving the Court to do counsel's work, create the ossature for the argument, and put flesh on its bones." Id. "Judges are not mind-readers, so parties must spell out their issues clearly, highlighting the relevant facts and analyzing on-point authority." Rodriguez v. Munic. of San Juan, 659 F.3d 168, 175 (1st Cir. 2011). Defendant's confession is an out-of-court statement that is used to prove the truth of the matter pursuant to

Federal Rule of Evidence 801(c).  Hearsay is inadmissible unless the Federal Rules of Evidence, other rules adopted by the Supreme Court, or a federal statute provides an exception.  See Fed.R.Evid. 802.  Such a confession is not, however, identified in the category of statements that are not hearsay pursuant to Federal Rule of Evidence 801(d).  Furthermore, the confession does not qualify under any hearsay exception listed in the Federal Rules of Evidence.  Id. at p. 3.

Next, the government argues that Agent Lebron's notes also constitute inadmissible hearsay.  (See Docket No. 189 at p. 3 (citing United States v. Bishop, 264 F.3d 535, 548 (5th Cir. 2001) ("Personal notes made by an investigator . . . are not ordinarily admissible because they are hearsay.")) The defendant also fails to respond to this argument by the government, waiving the argument.  Zannino, 895 F.2d at 17.  (See Docket No. 190-1 at p. 3.)  Instead, the defendant argues that Agent Lebron indicated during the first trial that "he took notes during his examination of co-defendant Guzman-de los Santos and even identified the notes as his own handwriting in an effort to refresh his recollection." Id. at pp. 3-4.  Defendant then argues in a conclusory manner that the testimony is relevant and the notes are admissible.  Id. Because the notes are out-of-court statements that would be offered during defendant's case-in-chief for the truth of the matter asserted, the notes constitute inadmissible hearsay unless an

exception applies. The defendant has not indicated which exception, if any, that applies to Agent Lebron's notes.

Finally, the government argues that defendant's subpoena calls Agent Lebron "for the sole purpose of impeaching him with his notes." (Docket No. 189 at p. 4 (citing United States v. Gilbert, 57 F.3d 709, 711 (9th Cir. 1995) ("Impeachment is improper when employed as a guise to present substantive evidence to the jury that is otherwise inadmissible.")) Again, the defendant fails to respond to this argument and, therefore, waives these arguments. Zannino, 895 F.2d at 17. While Federal Rule of Evidence 607 allows "any party, including the party that called the witness" to impeach a witness, a party may not impeach a witness for the purpose of presenting substantive evidence that is otherwise inadmissible. See Evans v. Verdini, 466 F.3d 141, 146 (1st Cir. 2006) ("a criminal prosecutor may not employ a prior inconsistent statement to impeach a witness on a 'mere subterfuge' or for the 'primary purpose' of placing before the jury substantive evidence which is otherwise inadmissible.") (internal citations and quotation marks omitted). Here, defendant's only purpose is to impeach Agent Lebron with evidence that the Court has deemed inadmissible. Defendant's subpoena, (see Docket No. 184-1), makes no indication that Agent Lebron will provide admissible testimony that will be impeached.

Civil No. 12-693 (FAB)                                                                 7

The defendant fails to present any arguments as to why the evidence that it seeks is admissible.  The defendant also fails to show that his primary purpose is not to simply impeach Agent Lebron based on otherwise inadmissible testimony.  Thus, he waives these arguments.  <u>Zannino</u>, 895 F.2d at 17.  Therefore, the defendant has not met the <u>Nixon</u> requirements for his subpoena on Agent Lebron.  Because the defendant fails to meet these requirements, the Court **GRANTS** the government's motion to quash defendant's subpoena on Agent Lebron.

**IV.  CONCLUSION**

The Court **DENIES** the government's motion to quash defendant's subpoena on Agent Eduardo Fonseca-Colon without government opposition.  The Court **GRANTS** the government's motion to quash subpoena on Agent Jose E. Lebron-Aponte.

**IT IS SO ORDERED.**

In San Juan, Puerto Rico, May 14, 2013.

<u>s/ Francisco A. Besosa</u>
FRANCISCO A. BESOSA
United States District Judge